UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WILLIAM JOHN CRANDALL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00381-JAW |
| | ) | |
| KENNEBEC BEHAVIORAL HEALTH et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted William John Crandall's application to proceed *in forma pauperis*, *see* Order (ECF No. 4), his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the Court dismiss Crandall's complaint.

### I.  Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to

1

spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Discussion

In his complaint, Crandall names Kennebec Behavioral Health (KBH), "KBH Representative Payee Carina," and the Social Security Administration as defendants. Complaint at 1-2. He cites three federal criminal laws (18 U.S.C. §§ 241, 242, 245), "Elderly Abuse Exploitation Title 22, Part 2+3," and a Missouri case discussing intentional inflection of emotional distress (IIED) (*Hyatt v. Trans World Airlines, Inc.*,

943 S.W.2d 292, 297 (Mo. Ct. App. 1997)).[1] *See* Complaint at 3. He then alleges as follows:

> I am being denied my disability check which would allow me to proceed to manufacturing my Covids inventions and my book publications in excess of projected sales to exceed $300,000,000.00 annually[.] The perpetration has been ongoing monthly since December 1, 2022. My rights have been violated by denial of civil rights associated with my own personal representative payee.

*Id.* at 5. He seeks $30 million in damages from each defendant for "lost Income and Wages." *Id.* at 6.

Crandall's complaint suffers from several fatal flaws.

First, the Social Security Administration is immune from civil suits seeking money damages. *See Coates v. Soc. Sec. Admin.*, No. 12-11832-GAO, 2012 WL 5508487, at *4 (D. Mass. Nov. 9, 2012) ("[The plaintiff] may not recover damages against the [Social Security Administration] (a federal agency) because it is entitled to sovereign immunity.").

Second, to the extent Crandall seeks to initiate prosecutions by citing federal criminal laws, he lacks standing to do so. *See Heinemann v. Soc. Sec. Admin.*, No. 1:16-cv-00460-DBH, 2016 WL 5957269, at *4 (D. Me. Oct. 14, 2016) (rec. dec.) ("Simply stated, Plaintiff does not have standing to prosecute criminal charges against others, and the courts do not decide whether a person should be charged under . . . criminal statutes."), *aff'd*, 2016 WL 6495444 (D. Me. Nov. 1, 2016).

---

[1] I am guessing that in referencing Title 22, Crandall is referring to Title 22 of the Maine Revised Statutes, which pertains to health and welfare. Title 22 of the United States Code pertains to foreign relations.

Third, to the extent that Crandall implicitly makes a 42 U.S.C. § 1983 claim against KBH and its employee by claiming that they violated his civil rights in the context of acting as his representative payee, he has failed plead any facts suggesting that they did so while acting under color of state law. *See Bates v. Nw. Hum. Servs., Inc.*, 466 F. Supp. 2d 69, 93-97 (D.D.C. 2006) (dismissing plaintiffs' section 1983 claims based on representative payees' alleged misappropriation of Social Security benefits where plaintiffs failed to cogently allege how the representative payees were acting under color of law).

Finally, to the extent Crandall presses state law claims against the KBH defendants, this Court lacks jurisdiction to decide those claims because he has failed to plead a valid federal claim or establish diversity of citizenship. *See Zell v. Ricci*, 957 F.3d 1, 15 (1st Cir. 2020) (noting that it is generally an abuse of discretion for a federal court to retain supplemental jurisdiction over state law claims when all federal claims have been dismissed early in a case). Moreover, even if there were a jurisdictional hook, Crandall's allegations are simply too vague to state a claim. *See Twombly*, 550 U.S. at 570

### III. Conclusion

For the foregoing reasons, I recommend that the Court **DISMISS** Crandall's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen*

*(14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: October 11, 2023

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge